966 F.2d 1452
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Sherry L. GARTH, Plaintiff-Appellant,
v.
UNIVERSITY OF KENTUCKY MEDICAL CENTER, Defendant-Appellee.
 No. 92-5177.
 United States Court of Appeals, Sixth Circuit.
 June 16, 1992.
 
 Before KENNEDY and ALAN E. NORRIS, Circuit Judges, and LIVELY, Senior Circuit Judge.
 
 ORDER
 
 1
 This pro se Kentucky plaintiff appeals the district court's order denying her motion for relief from judgment filed under Fed.R.Civ.P. 60(b). She includes in her brief on appeal a request for the appointment of counsel, leave to proceed without prepayment of fees, and a transcript at government expense. The appeal has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Sherry L. Garth is a former employee of defendant University of Kentucky Medical Center. In the underlying civil rights complaint, she alleged that she was discriminated against on the basis of race.
 
 
 3
 Defendant filed a motion for summary judgment on grounds that an action under 42 U.S.C. § 1983 was barred by sovereign immunity, and that Garth failed to make a prima facie showing of discrimination under Title VII. Garth did not respond to the motion; summary judgment was entered in favor of defendant thirty days after the motion was filed.
 
 
 4
 Garth then filed a motion to extend the time to respond to the motion for summary judgment. The district court construed the motion as a motion for relief from judgment filed under Fed.R.Civ.P. 60(b). The motion was denied.
 
 
 5
 Upon review, we conclude that the district court did not abuse its discretion by denying the Rule 60(b) motion for relief from judgment. See In re Salem Mortgage Co., 791 F.2d 456, 459 (6th Cir.1986). The underlying judgment is not subject to review. See Amernational Indus., Inc. v. Action-Tungsram, Inc., 925 F.2d 970, 975 (6th Cir.), cert. denied, 111 S.Ct. 2857 (1991).
 
 
 6
 A party seeking relief from judgment under Fed.R.Civ.P. 60(b) has the burden of proving that she is entitled to such relief. See In re Salem Mortgage Co., 791 F.2d at 459. Garth did not meet that burden. The district court dismissed the complaint on grounds that Garth failed to make out a prima facie showing of discrimination. In her motion, Garth asserted that she would not litigate the matter through pleadings, that she wanted the court to schedule a trial, and that at trial she would prove her case through interrogatories, affidavits and depositions. Her assertions are insufficient to demonstrate either error, new evidence or exceptional circumstances which would entitle her to relief. See Fed.R.Civ.P. 60(b)(1), (2) and (6).
 
 
 7
 In her initial complaint, Garth alleged that she had been singled out for discipline. Defendant responded that disciplinary actions had been taken in aid of improving Garth's performance and that she had in fact received favorable evaluations and promotions during the course of her employment. Her discharge was purportedly based on job abandonment when Garth failed to return to work or to contact her employer after a six-week medical absence. Garth did not respond to the motion for summary judgment.
 
 
 8
 To survive a motion for summary judgment, Garth was required to do more than rest on her pleadings; she was required to demonstrate that a genuine issue for trial existed. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248-49 (1986). Garth failed to respond to the motion for summary judgment in the first instance. Moreover, her supplemental motion failed to show with specificity that a genuine issue existed for trial.
 
 
 9
 Accordingly, the requests for relief on appeal are denied, and the district court's order denying the motion for relief from judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.